FILED

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELLI SIMONYAN, | No. 07-72713 |
| Petitioner, | Agency No. A075-687-459 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | ORDER |
| Respondent. | |

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Respondent's petition for panel rehearing is granted and the memorandum disposition filed on February 22, 2010, is withdrawn. A replacement memorandum disposition is being filed concurrently with this order.

FILED

NOT FOR PUBLICATION

DEC 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELLI SIMONYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-72713<br><br>Agency No. A075-687-459<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Nelli Simonyan, a native of the former Soviet Union and citizen of Armenia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum and withholding of removal.  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We grant the petition for review and we remand.

The IJ and BIA found Simonyan not credible based on an inconsistency within her testimony regarding the date of her first arrest, and on several perceived discrepancies between her claim and her witness' testimony. Substantial evidence does not support the agency's adverse credibility finding based on the date discrepancy, or based on the discrepancy regarding the number of uniformed officers during the second arrest. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000) ("Any alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding."); *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir. 2003) ("Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding."). In addition, substantial evidence does not support the agency's findings that there were other discrepancies between Simonyan and her witness regarding the second arrest. *See Bandari*, 227 F.3d at 1167 (rejecting adverse credibility finding that was not supported by the record).

07-72713

Substantial evidence also does not support the BIA's alternate conclusion that a presumption of a well-founded fear of persecution was rebutted solely based on the remarks of one witness that the Pentecostal church is now officially recognized by the Armenian government. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (BIA's determination regarding changed circumstances must be sufficiently individualized to rebut the presumption).

Accordingly, we grant the petition for review and remand Simonyan's asylum and withholding of removal claims on an open record, *see Soto-Olarte*, 555 F.3d at 1093-96, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**